Toby GARCIA, Appellant,

v.

UNITED STATES of America, Appellee.

No. 8684.

United States Court of Appeals
Tenth Circuit.
July 27, 1966.

James P. Johnston, Wichita, Kan. (Sowers & Sowers, Wichita, Kan., with him on the brief), for appellant.

John Quinn, U. S. Atty., Albuquerque, N. M. (John A. Babington, Asst. U. S. Atty., Albuquerque, N. M., with him on the brief), for appellee.

Before BREITENSTEIN and SETH, Circuit Judges, and LANGLEY, District Judge.

PER CURIAM.

Appellant Garcia was tried and convicted in the United States District Court for the District of New Mexico by a jury for illegal possession of heroin, in violation of 21 U.S.C. § 174, and illegal sale of heroin, in violation of 26 U.S.C. § 4705 (a). He was sentenced to seven years on each count, said sentences to run concurrently.

On this direct appeal, appellant urges that the trial court committed error in failing to grant his pretrial motion to suppress portions of the testimony of a federal informer who made a "buy" of heroin from the appellant, and the testimony of a federal narcotics agent who overheard portions of the conversation between the appellant and the informer at the time the "buy" was made. Appellant also urges that it was reversible error for the trial court to permit the subsequent introduction of this testimony at

trial. Appellant's argument is that the testimony was inadmissible because obtained in violation of the Sixth Amendment right to counsel as delineated in the cases of Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977; Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246; White v. State of Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193, and Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114.

The record shows that on September 20, 1965, a federal informer notified the agents in the Albuquerque office of the Federal Bureau of Narcotics that he had made contact with the appellant and that appellant was willing to sell him heroin. The narcotics agents arranged for the informer to pick up appellant the next day in a car and make the "buy." It was also arranged that one of the narcotics agents would hide in the closed trunk of the informer's car, so as to overhear any conversation that took place between the informer and the appellant. The plan was carried out and the "buy" made. The narcotics agent testified at trial regarding the portions of the conversation between the informer and the appellant which he had overheard during the transaction. The informer also testified regarding his conversation with the appellant during the time the narcotics agent was hidden in the trunk of the car.

It is appellant's position that the objectionable testimony consisted of statements and admissions taken from him outside the presence of counsel at a "critical stage of the proceedings," in violation of the rule set out in Hamilton v. State of Alabama, supra, and White v. State of Maryland, supra. Appellant relies on the Escobedo and Massiah cases for the proposition that the right to counsel attaches at the point where interrogation by the police shifts from a general investigation and focuses on the individual as a suspect, i. e., when the accusatory stage is reached. At that point, appellant argues, a "critical stage" is reached and the individual is entitled to counsel.

Relying on the facts here, appellant argues that the "critical" or "accusatory" stage was reached at the point when the concealed narcotics agent overhead the conversation between the appellant and the federal informer. He urges that his right to counsel arose at that point because the federal narcotics agents had focused their attention upon him; the methods of investigation used by the agents were not those of a "general investigation" but rather appellant was already suspected of narcotics peddling and the efforts of the agents were solely directed toward obtaining admissions from appellant.

We do not agree with appellant's argument. He overlooks the fact that the cases he relies upon all concern themselves with the question: At which stage in the *proceedings* against the defendant is he entitled to the assistance of counsel? In Hamilton v. State of Alabama, the right arose at the arraignment before the trial court; in White v. State of Maryland, at the preliminary hearing before the committing magistrate; in Massiah v. United States, after indictment while the defendant was out on bail awaiting trial, and in Escobedo v. State of Illinois, after arrest during custodial police interrogation.

We do not understand that any of the four above cases provide authority for the appointment of counsel prior to the time that our adversary system of justice begins to operate against the individual. Nor does the recent case of Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, June 13, 1966, provide authority for appellant's argument. In Miranda, the United States Supreme Court was concerned with the question of statements obtained during a period of custodial interrogation.

Here the adversary system had not begun to operate against the appellant. He was not in custody. There was no interrogation. He was not suspected of having committed a crime. Rather the federal narcotics agents suspicioned that he might commit a crime. They gave him the opportunity to make a sale of the heroin, and caught him at his own game.

 One is not entitled to counsel while he is committing his crime. Grier v. United States, 345 F.2d 523 (9th Cir.); Battaglia v. United States, 349 F.2d 556 (9th Cir.). What occurred here was nothing more than the creation of an opportunity for a federal agent to overhear a conversation during the commission of a crime. There was nothing unlawful in obtaining evidence in this manner. Rathbun v. United States, 355 U.S. 107, 78 S.Ct. 161, 2 L.Ed.2d 134; Anspach v. United States, 305 F.2d 48 (10th Cir.).

Affirmed.