**Bobby Wayne NOLAND, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 9240.**

United States Court of Appeals Tenth Circuit.

June 23, 1967.
Certiorari Denied Nov. 6, 1967.

See 88 S.Ct. 308.

John Chiaf, Oklahoma City, Okl., for appellant.

David A. Kline, First Asst. U. S. Atty. (B. Andrew Potter, U. S. Atty., on the brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT and BREITENSTEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

A jury found appellant-defendant guilty of refusing to submit to induction under the Universal Military Training and Selective Service Act as amended, 50 U.S.C. App. § 451 et seq. He appeals from the sentence imposed.

Defendant registered with the local board of Oklahoma County, Oklahoma, on May 22, 1964. He completed and, on June 8, 1964, filed the special form for conscientious objectors. He was classified 1-A and filed a timely appeal seeking a student's deferment. This was

granted for a period ending July 1, 1965. On October 11, 1965, he was classified 1-A and duly notified thereof. No appeal was taken from this classification. He passed his physical examination and was ordered to report for induction. On January 14, 1966, he refused to submit to induction.

 Defendant says that there was no basis in fact for his 1-A classification. The point is without merit because he took no appeal from the classification. By his failure to exercise the rights available to him under the administrative processes provided by Congress he waived his right to question the validity of his classification in any subsequent proceeding.[1] Defendant knew of his right to appeal because he had exercised it once. He offers no reasons for his failure to appeal from the second 1-A classification.

The government put in evidence the defendant's Selective Service file. Included therein was a statement taken from him by the inducting officers after he had refused to take the symbolic step forward. The statement read: "I refuse to be inducted into the United States Armed Forces."

 Defendant says that this statement was taken without advising him of either his right to remain silent or his right to counsel and therefore denied to him the procedural safeguards which Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, holds necessary to secure the Fifth Amendment's privilege against self-incrimination. The Miranda decision has no application. It was concerned with "the admissibility of statements obtained from a defendant questioned while in custody or otherwise deprived of his freedom of action in any significant way."[2] This defendant was neither in custody nor deprived of his freedom. His statement "I refuse" was an incident of the commission of a crime rather than a confession of a crime previously committed.[3] A person is not entitled to counsel while he is committing a crime.[4]

 Defendant also says that the extraction of the statement violated Article 31(b) of the Uniform Code of Military Justice, 10 U.S.C. § 831(b), which forbids the interrogation "of an accused or a person suspected of an offense" without informing him of his rights. Article 31 has no application to the defendant because the Uniform Code applies to inductees "from the time of their actual induction into the armed forces."[5] Defendant was never inducted. Additionally, he was neither an accused nor a person suspected of a crime. The crime occurred when he refused induction.

Affirmed.

---

1. Thompson v. United States, 10 Cir., 380 F.2d 86; Capson v. United States, 10 Cir., 376 F.2d 814, and particularly cases cited in footnote 2.

2. 384 U.S. 445, 86 S.Ct. 1612.

3. In Opper v. United States, 348 U.S. 84, 91, fn. 7, 75 S.Ct. 158, 99 L.Ed. 101, the Court said: "A confession is *an acknowledgment in express words*, by the accused in a criminal case, *of the truth of the guilty fact charged* or *of some essential part of it.*" (emphasis in text)

4. Rogers v. United States, 10 Cir., 369 F. 2d 944, 947; Garcia v. United States, 10 Cir., 364 F.2d 306, 308.

5. Uniform Code of Military Justice, Article 2(1), 10 U.S.C. § 802(1).