**UNITED STATES of America**

v.

**Edward Donald KROLL, Appellant.**

**No. 16797.**

United States Court of Appeals
Third Circuit.

Argued June 6, 1968.

Decided Sept. 26, 1968.

Certiorari Denied Jan. 13, 1969.

See 89 S.Ct. 672.

John P. Campana, Campana & Campana, Williamsport, Pa., for appellant.

Thomas J. Hanlon, Asst. U. S. Atty., M. D. Pa., (Bernard J. Brown, U. S. Atty., on the brief), for appellee.

Before McLAUGHLIN, STALEY and SEITZ, Circuit Judges.

## OPINION OF THE COURT

STALEY, Circuit Judge.

Appellant, Edward Donald Kroll, was convicted by a jury of violating 50 U.S. C.App. § 462 by failing and neglecting to comply with an order of his local draft board to report for and submit to induction into the armed forces. Appellant's motion for a new trial was denied by the district court and this appeal followed.[1]

Pursuant to its classification of appellant as I-A on August 25, 1965, appellant's local board, on September 1, 1966, ordered him to report for induction on September 29, 1966. He reported but refused to take the traditional one step forward that symbolizes entrance into the armed forces. A Lieutenant Zuehl, who conducted the induction ceremony, testified that after it became

---

1. This appeal was heard along with that of William Francis Kroll, No. 16796 [See 400 F.2d 923, (C.A.3, 1968)], but since the two appeals are factually and legally distinct, separate opinions are being written.

apparent that Kroll would not step forward, he asked him to leave the ceremonial room and wait outside the door. Then, after the other men had been inducted, appellant re-entered the ceremonial room along with two witnesses called by Lt. Zuehl. Zuehl proceeded to read to appellant out of Army Regulations 601–270 (AR 601–270)[2] the penalties for refusing to submit to induction, and again asked him if he would take the step forward. Appellant again refused. Zuehl then asked him if he would make and sign a statement that he refused to be inducted; appellant stated that he would not. These events having transpired, Kroll left the induction center.

Appellant's principal contention on this appeal is that the district court erred by not excluding all the testimony referring to the events following the first refusal to step forward. This contention is bottomed upon the assumption that after his first refusal appellant was guilty of a crime denominated "attempted refusal to submit to induction," [3] and since he was then in "quasi-custody," Lt. Zuehl violated his privilege against self-incrimination by omitting to give him the Miranda warnings before informing him of the penalties involved and before asking him to sign a statement.

■ We cannot agree with this argument for two reasons. First, we concur in the view expressed in Chernekoff v. United States, 219 F.2d 721 (C.A. 9, 1955), that a registrant is not guilty of a crime until he has been given the prescribed warning concerning penalties and refuses to step forward for the second time. See also, United States v. Kurki, 384 F.2d 905 (C.A. 7, 1967), cert. denied, 390 U.S. 926, 88 S.Ct. 861, 19 L.Ed.2d 987 (1968); Parrott v. United States, 370 F.2d 388 (C.A. 9, 1966), cert. denied, 387 U.S. 908, 87 S.Ct. 1690, 18 L.Ed.2d 625 (1967). The purpose behind AR 601–270 is to give a registrant a chance to change his mind and to afford him one last opportunity to avoid committing a Federal crime. Were we to make the assumption that appellant committed a crime when he first refused to step forward we would not only thwart the intention of these

---

2. These regulations as supplied to the court by the Government in its brief, provide in part:

"37. Induction. a. The following procedure will be followed in the induction of all registrants into the Armed Forces:

\*   \*   \*   \*   \*

"(2) Any registrant who fails or refuses to step forward when his name is called will be removed quietly and courteously from the presence of the group about to be inducted and processed as prescribed in paragraph 40c.

\*   \*   \*   \*   \*

"40c. Registrants who refuse to submit to induction. Any registrant who has been removed from the group as prescribed in paragraph 37a(2) and who persists in his refusal to submit to induction will be informed that such refusal constitutes a felony under the provisions of the Universal Military Training and Service Act, as amended. He will be informed further that conviction of such an offense under civil proceedings will subject him to be punished by imprisonment for not more than 5 years, or a fine of not more

than $10,000, or both. He will then be informed again of the imminence of induction using the language specified in paragraph 37a(1) and his name and service number again will be called. If he steps forward at this time, he will be informed that he is a member of the Armed Forces concerned, using the language specified in paragraph 37a(3). If, however, he persists in refusing to be inducted, the following action will be taken \*   \*   \*."

For a more detailed reproduction of regulations similar to those in the instant case, see Chernekoff v. United States, 219 F.2d 721, 724, n. 12 (C.A.9, 1955).

3. In support of this contention, appellant points to the following language of 50 U.S.C.App. § 462:

"\*   \*   \* or any person or persons who shall knowingly hinder or interfere or *attempt* to do so in any way, by force or violence or otherwise, with the administration of this (said sections) or the rules or regulations made pursuant thereto \*   \*   \*." (Emphasis added.)

regulations, but we would also unnecessarily exacerbate what is already a highly sensitive area in the administration of criminal justice.

Secondly, we do not think the facts of this case warrant the conclusion that the Miranda warnings should have been given either before or immediately after appellant finally refused to submit to induction. In Noland v. United States, 380 F.2d 1016 (C.A.10), cert. denied, 389 U.S. 945, 88 S.Ct. 308, 19 L.Ed.2d 299 (1967), the defendant was convicted of refusing to submit to induction. At his trial, the district court admitted into evidence his statement, "I refuse to be inducted into the United States Armed Forces," which was taken by inducting officers after he refused to take the symbolic step forward. On appeal, defendant argued that his Fifth Amendment privilege against self-incrimination had been violated because the inducting officers had not advised him of his right to remain silent or of his right to counsel before taking the statement. Speaking for the court, Judge Breitenstein declared:

"* * * The Miranda decision has no application. It was concerned with 'the admissibility of statements obtained from a defendant questioned while in custody or otherwise deprived of his freedom of action in any significant way.' This defendant was neither in custody nor deprived of his freedom. His statement 'I refuse' was an incident of the commission of the crime rather than a confession of a crime previously committed. A person is not entitled to counsel while he is committing a crime." 380 F.2d at 1017.

Applying the rationale of Noland to the facts of the instant case, it becomes apparent that Kroll's position here is even weaker than that of the defendant in Noland, because as admitted by appellant, "there was no statement taken by Lt. Zuehl which was offered into evidence." Accordingly, we reject the argument that appellant's privilege against self-incrimination was violated.

Finally, appellant argues that he is entitled to a new trial because the Assistant United States Attorney asked him the following allegedly highly prejudicial question: "Q. You would not submit to induction into the Armed Forces of the United States if you were given the opportunity right now, would you?" We note that appellant did not answer this question because his counsel immediately objected and requested the withdrawal of a juror. This request was denied and the court stated that the question was irrelevant. We agree and hold that the question, although perhaps improper, was not one that could have denied this appellant a fair trial. As correctly stated by the district court in its charge to the jury, the only issue for determination was whether appellant knowingly failed or neglected or refused to obey an order of his local board to report for and submit to induction. And since the record overwhelmingly supports the jury's guilty verdict in this regard, the alleged impropriety of the prosecutor could not have tainted the fairness of the trial. Reed v. United States, 205 F.2d 216, 218 (C.A.9), cert. denied, 346 U.S. 908, 74 S.Ct. 238, 98 L.Ed. 406 (1953).

Accordingly, the order of the district court will be affirmed.