462 P.2d 637

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Jake ANAYA, Defendant-Appellant.**
**No. 380.**

Court of Appeals of New Mexico.
Dec. 5, 1969.

William C. Erwin, Sheehan, Duhigg & Cronin, Albuquerque, for defendant-appellant.

James A. Maloney, Atty. Gen., Santa Fe, Oliver H. Miles, Asst. Atty. Gen., for plaintiff-appellee.

## OPINION

WOOD, Judge.

Defendant was convicted of two unlawful sales of heroin. Section 54–7–14, N.M. S.A.1953 (Repl.Vol. 8, pt. 2). His appeal raises two issues. They concern: (1) advice as to his rights and (2) evidence of other offenses.

### Advice as to his rights.

The sales occurred on October 8th and 9th. Shortly prior to each sale a paid police informer telephoned defendant and arranged to make the purchase. A police officer supplied the informer with money for the purchases. A policewoman, driving her personal car, transported the informer to the pre-arranged meeting place. She sat in her car and observed each of the two sales; they took place no more than ten feet from her car. Her presence was explained; the informer told defendant that she was his "broad."

Defendant asserts that once a criminal investigation reaches the accusatory stage, the defendant must be advised of his right to remain silent and of his right to counsel. He claims the accusatory stage is reached once an individual is singled out and the police begin a concentrated effort to obtain incriminating evidence against that individual. He contends the general inves-

tigatory stage had ended in this case, and the accusatory stage had begun:

"* * * once the informer * * * and the police officers set up a buy from Defendant and began preparations to obtain crucially incriminating evidence against him. At that point Defendant should have been advised of his rights * * *."

Defendant relies on Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974 (1966) and Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964). Neither case is applicable. Defendant was neither in custody, nor under indictment. He was not being interrogated. His freedom of action had not been interfered with in any way. The adversary system had not begun to operate against defendant. The claim that he should have been given the *Miranda* warnings immediately prior to selling the heroin to the informer is without merit. United States v. Haynes, 398 F.2d 980 (2nd Cir. 1968); Noland v. United States, 380 F.2d 1016 (10th Cir. 1967), cert. denied 389 U.S. 945, 88 S.Ct. 308, 19 L.Ed.2d 299 (1967), reh. denied 389 U.S. 1060, 88 S.Ct. 798, 19 L.Ed.2d 865 (1968); Garcia v. United States, 364 F.2d 306 (10th Cir. 1966); Battaglia v. United States, 349 F.2d 556 (9th Cir. 1965), cert. denied 382 U.S. 955, 86 S.Ct. 430, 15 L.Ed.2d 360 (1965), reh. denied 382 U.S. 1021, 86 S.Ct. 613, 15 L.Ed. 2d 537 (1966); see Rogers v. United States, 369 F.2d 944 (10th Cir. 1966), cert. denied, Ferguson v. United States, 388 U.S. 922, 87 S.Ct. 2125, 18 L.Ed.2d 1371 (1967).

*Evidence of other offenses.*

The informer was called as a witness by both parties. His testimony on his direct examination as a defense witness went toward the defense of entrapment. On the State's cross-examination the informer testified that he had purchased heroin from the defendant on occasions other than the two sales for which defendant was prosecuted. Defendant claims the admission of this testimony, over his objection, was error.

The informer testified to purchases both before and after the October 8th and 9th sales. The informer made purchases "quite a number of times" between the latter part of August and the October sales. Where the defense is entrapment, evidence of similar narcotics offenses bears on the defendant's predisposition, or readiness and willingness, to commit the offenses for which he is charged. State v. Carillo, 80 N.M. 697, 460 P.2d 62 (Ct.App. 1969), cert. denied 80 N.M. 708, 460 P.2d 73 (1969); United States v. Cooper, 321 F.2d 456 (6th Cir. 1963). Being within a seven week period immediately prior to the October sales, no question of inadmissibility due to remoteness arises. See Hansford v. United States, 112 U.S.App.D.C. 359, 303 F.2d 219 (1962); compare Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958). The evidence as to prior similar offenses, within a period shortly before the October sales, was admissible on the issue of entrapment.

The following is the entire record concerning sales subsequent to those in October:

"Q. Did you ever purchase heroin from him after these two occasions in question?

"A. Yes."

The cases refer to *prior* offenses. United States v. Cooper, supra, Hansford v. United States, supra. However, evidence of a subsequent sale is admissible if it is relevant to defendant's course of conduct. Woodland v. United States, 347 F.2d 956 (10th Cir. 1965); see Kreuter v. United States, 376 F.2d 654 (10th Cir. 1967), cert. denied 390 U.S. 1015, 88 S.Ct. 1267, 20 L. Ed.2d 165 (1968). Here there is nothing to show the relevancy of the question concerning a subsequent sale of heroin. All we know is that at least one sale occurred subsequent to October 9th but we do not know when. It could have occurred at any time up to the trial which began the subsequent July 31st. The record is insufficient to determine whether the testimony as to a subsequent sale was admissible. Ab-

sent a showing of relevancy, the question was improper. Cram v. United States, 316 F.2d 542 (10th Cir. 1963).

Although the question was improper, there are two reasons why no reversible error occurred.

■ First, because defendant's objection only went to the general admissibility of testimony concerning similar narcotics offenses. His objection was " * * * to this whole line of questioning, * * * " about offenses other than the two for which he was being tried. Defendant never brought the relevancy of the question and answer concerning a subsequent offense to the attention of the trial court. The relevancy of the question and answer was not preserved for review. State v. Chacon (Ct.App.), 80 N.M. 799, 461 P.2d 932, decided November 7, 1969.

■ Second, if the question and answer concerning a subsequent offense was error, the error was harmless. There is neither evidence nor inference that defendant did not unlawfully sell heroin to the informer on October 8th and 9th. The only evidence on the entrapment defense goes toward the origin of the criminal intent or design. The informer contacted the defendant and told defendant that he wanted to purchase the heroin. There is neither evidence nor inference of " * * * undue persuasion or enticement to induce defendant to commit the crime. * *. * " After the informer told defendant that he wanted to buy, the defendant immediately arranged the time and place of the sale. See State v. Sanchez, 79 N.M. 701, 448 P.2d 807 (Ct.App.1968).

The evidence, exclusive of the question and answer concerning a subsequent offense, points overwhelmingly to the guilt of defendant. There is no reasonable possibility that the question and answer concerning a subsequent offense contributed to defendant's conviction. State v. Gray, 79 N.M. 424, 444 P.2d 609 (Ct.App.1968); State v. Pope, 78 N.M. 282, 430 P.2d 779 (Ct.App.1967); Cram v. United States, supra. In these circumstances, if there was error, it was harmless. See State v. Ford, 80 N.M. 649, 459 P.2d 353 (Ct.App.1969).

The judgment and sentence are affirmed. It is so ordered.

OMAN and HENDLEY, JJ., concur.