467 P.2d 31

**STATE of New Mexico, Plaintiff-Appellee,**
**v.**
**Phillip A. TAPIA, Defendant-Appellant.**
**No. 408.**

Court of Appeals of New Mexico.
March 13, 1970.

**366**

Warren O. F. Harris, King & Harris, Albuquerque, for appellant.

James A. Maloney, Atty. Gen., Ray Shollenbarger, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

HENDLEY, Judge.

Defendant was convicted of the unlawful sale of a narcotic drug—heroin. Section 54–7–14, N.M.S.A. 1953 (Repl.Vol. 8, pt. 2). He appeals giving five points for reversal.

We affirm.

1. "THE TRIAL COURT ERRED IN NOT GRANTING DEFENDANT'S MOTION FOR CONTINUANCE BECAUSE OF THE UNAVAILABILITY OF THREE DEFENSE WITNESSES."

 Section 21–8–10, N.M.S.A. 1953 sets forth the requirements for a motion for continuance based on absence of evidence. Section 21–8–7, N.M.S.A. 1953 states that unless the facts be within the knowledge of the court, then the application for a continuance shall be supported by an oath. The granting or denying of a motion for continuance rests in the sound discretion of the trial court and will not be interfered with except for abuse. State v. Ranne, 80 N.M. 188, 453 P.2d 209 (Ct.App. 1969).

 The motion for continuance was orally presented on the morning of trial alleging that three witnesses were not available. One witness was in the hospital. The State stipulated to what that witness would testify. We fail to see any prejudice to defendant with regard to the hospitalized witness. See State v. Nieto, 78 N.M. 155, 429 P.2d 353 (1967).

As to the other two witnesses defendant failed to indicate what testimony could be expected from them. He neither indicated they could be found or that their absence would be prejudicial to defendant's case. Compare facts in State v. Ranne, supra.

Even assuming defendant's compliance with the above statutes we find no abuse of discretion in the trial court's denial of defendant's motion for continuance.

2. "THE JURY PANEL WAS NOT REPRESENTATIVE OF THE COMMUNITY AND IT WAS ERROR FOR TRIAL COURT TO DENY DEFENDANT'S MOTION TO DISMISS THE ENTIRE JURY PANEL."

 One is not entitled to relief simply because there isn't a member of his race on the jury unless he shows that the absence resulted from purposeful discrimination. Fay v. New York, 332 U.S. 261, 67 S.Ct. 1613, 91 L.Ed. 2043 (1947); Woods v. Munns, 347 F.2d 948 (10th Cir. 1965). Conversely, one is entitled to relief regardless of palpable guilt if he shows actual exclusion resulting from purposeful discrimination based on race or economic status. Windom v. United States, 260 F.2d 384 (10th Cir. 1958).

Defendant contends:

" * * * that the great majority of the potential jurors work at the same place, are the same type of people; that the Spanish American Nationality is not represented in true precentage on the jury list."

He does not allege, nor does the record support, actual exclusion. In the trial court he made no showing to indicate the cause

of his alleged de facto unrepresentative jury panel. He has therefore shown no grounds for the dismissal of the jury panel. Fay v. New York, supra; Windom v. United States, supra.

3. "IT WAS ERROR FOR THE TRIAL COURT TO DENY DEFENDANT'S MOTION FOR A CHANGE OF VENUE ON THE GROUNDS OF ADVERSE PUBLICITY."

■ From defendant's oral statements at trial it appears he was relying on § 21–5–3 (A) (2) (c), N.M.S.A. 1953 (Supp. 1967) regarding publicity of questions involved in his indictment. He failed to comply with subsections B and C of the same provision which relate to time for filing and notice of hearing. On the morning of trial he urged an oral motion which in no way complied with the statutory requirements as to form or substance. His motion was neither supported by affidavits nor was it timely filed. State v. Aull, 78 N.M. 607, 435 P.2d 437 (1967), cert. denied, 391 U.S. 927, 88 S.Ct. 1829, 20 L.Ed.2d 668 (1968).

Not having satisfied form or substance in his motion, defendant may not now be heard to complain that the denial of his motion was an abuse of discretion. State v. Lindsey, (Ct.App.) 81 N.M. 173, 464 P.2d 903, decided December 5, 1969.

4. "THE VERDICT OF THE JURY WAS CONTRARY TO THE EVIDENCE AND THE STATE FAILED TO SUSTAIN THE BURDEN OF PROOF."

Defendant maintains that Lujan v. United States, 348 F.2d 156 (10th Cir. 1965), cert. denied 382 U.S. 889, 86 S.Ct. 179, 15 L.Ed. 125 (1965) makes it clear that the testimony of an informer must be corroborated. We read that case as stating that a refusal of a defendant's requested cautionary instruction on the credibility of an informer is not error when the informer's testimony is adequately corroborated. Jordan v. United States, 345 F.2d 302 (10th

Cir.1965); Todd v. United States, 345 F.2d 299 (10th Cir. 1965).

■ In this case we have no issue of a refused requested cautionary instruction. Furthermore, there was in fact adequate corroboration. The informer and his car were thoroughly searched before and after the "buy." One of the searching officers, who personally knew defendant, watched with binoculars and saw an exchange between the informer and defendant. When the informer was searched after the "buy" the $5.00 bill given to him, just prior to the "buy," was gone and instead he had a cap of heroin in his possession. During the entire interval from the first search, through the "buy" transaction and until the final search the informer was closely followed and observed by the officers. Compare facts in Lujan v. United States, supra.

■ Defendant claims that the character of the informer was impeached and so his testimony should have been discredited. The function of determining the credibility of a witness and the weight to be given to his testimony is the function of the jury. State v. McAfee, 78 N.M. 108, 428 P.2d 647 (1967); State v. Manlove, 79 N.M. 189, 441 P.2d 229 (Ct.App. 1968). At the close of the State's case defendant made the motion for the directed verdict. At this point there was evidence supporting the State's case. There was no conflicting testimony. It would have been error to have directed a verdict for defendant. State v. Mosley, 75 N.M. 348, 404 P.2d 304 (1965).

5. "THE CONSTITUTIONAL RIGHTS OF THE DEFENDANT WERE VIOLATED WHEN HE WAS NOT ADVISED OF HIS RIGHTS ONCE INVESTIGATION REACHED ACCUSATORY STAGE."

■ Defendant contends and we agree that Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R. 3d 974 (1966) and Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977

(1964) proclaim the constitutional right of an accused person to be informed of his right to remain silent once an investigation has reached an accusatory stage and has focused on the accused. We fail to see how this rule aids the defendant. Here, defendant was not in custody, not under indictment and was not being interrogated. State v. Anaya, 81 N.M. 52, 462 P.2d 637 (Ct.App. 1969). The informer had notified the police he was going to make a "buy" and did make a "buy." The advisory system had not begun to operate against the defendant. State v. Anaya, supra.

Affirmed.

It is so ordered.

SPIESS, C. J., and OMAN, J., concur.