## UNITED STATES of America, Plaintiff-Appellee,

v.

## James Alvin BROOKS, Defendant-Appellant.

### No. 27636.

United States Court of Appeals, Fifth Circuit.

Feb. 13, 1970.

Certiorari Denied May 18, 1970. See 90 S.Ct. 1709.

---

James R. Malsch, Shreveport, La. (Ct. Apptd.), for appellant.

Donald E. Walter, U. S. Atty., Q. L. Stewart, Asst. U. S. Atty., Shreveport, La., for appellee.

Before GEWIN, COLEMAN and DYER, Circuit Judges.

PER CURIAM.

Appellant, James Alvin Brooks, appeals from a judgment of conviction in the United States District Court for the Western District of Louisiana under an indictment which charged him with violating the Universal Military Training and Service Act in refusing to submit to induction into the armed forces of the United States.[1] He contends that his lo-

---

1. 50 U.S.C.App. § 462.

cal board's procedures in handling his request for a ministerial exemption violated selective service regulations and due process of law and that there is no basis in fact for his I–A classification. After carefully considering his contentions, we have concluded that they are without merit and accordingly his conviction is affirmed.

■ We do not find it necessary to recite the facts of this case in order to answer appellant's contentions, except to say that he was classified as 1–Y on May 13, 1964 and remained so classified until notified that he was acceptable for service on January 3, 1967. Brooks first contends that his local board violated selective service regulations and due process of law in failing to warn him that he bore the burden of substantiating his claim to a ministerial exemption. He has not presented, and we have been unable to find, any regulation which explicitly or implicitly imposes such a burden on local draft boards. Our position with respect to this question was correctly stated in McCoy v. United States:

> The registrant bears the burden of clearly establishing his right to the ministerial exemption and the board has no affirmative duty to ascertain whether or not the registrant qualifies for exemption.[2]

■ Appellant's second contention is that his local board violated selective service regulations and due process in not reopening his case after receipt of his letter dated February 2, 1967. He wrote the following letter soon after receiving notice of his I–A classification.

> Referring to the notice of right to personal appearance and appeal. I am writing to appeal my case because I am unsatisfied with this classification.

> I am a full time minister, and according to law I think I deserve a Minister's classification.

As the district court pointed out, we would be more inclined to hold that the local board misinterpreted the letter if it had contained an allegation of new facts.[3] Without question, the letter contains an unambiguous request by Brooks that his classification be appealed and the local board complied. The board's conduct does not violate due process or selective service regulations.

■ Appellant's final contention, that there is no basis in fact for his I–A classification, is not supported either by his selective service record or the record of proceedings in the lower court. He insists that he is entitled to a ministerial exemption because of his membership in Jehovah's Witnesses and his activities as Book Study Conductor and Magazine Territorial Servant. According to the testimony of Grandison Harris, the "head" of the congregation in which Brooks is a member, these "ministerial activities" consumed only about 10 hours per week and that he worked forty hours per week in secular employment.

> The Selective Service Act provides:
>
> (3) The term 'regular or duly ordained minister of religion' does not include a person who irregularly or incidentally preaches and teaches the principles of religion of a church, religious sect, or organization and does not include any person * * * who does not regularly, *as a vocation*, teach and preach the principles of religion and administer the ordinances of public worship as embodied in the creed or principles of his church, sect, or organization.[4]

Appellant's religious activities are far too limited to be classified as vocational

---

2. 403 F.2d 896, 899 (5th Cir. 1968). See, Clay v. United States, 397 F.2d 901, 916 (5th Cir. 1968); Matyastik v. United States, 392 F.2d 657, 658 (5th Cir. 1968); Wood v. United States, 373 F.2d 894, 897 (5th Cir. 1967).

3. *See, e. g.,* Townsend v. Zimmerman, 237 F.2d 376 (6th Cir. 1956); Stain v. United States, 235 F.2d 339 (9th Cir. 1956); United States v. Ransom, 223 F.2d 15 (7th Cir. 1955); United States ex rel. Berman v. Craig, 207 F.2d 888 (3d Cir. 1953).

4. 50 U.S.C. App. § 466(g) (3).

pursuits. We are convinced that he is not entitled to a ministerial exemption and that the I–A classification is proper in all respects.

Affirmed.