**UNITED STATES of America, Appellee,**

v.

**William Orrin SEEVERTS, Appellant.**

**No. 20094.**

United States Court of Appeals, Eighth Circuit.

June 30, 1970.

Larry B. Leventhal, Minneapolis, Minn., for appellant.

Joseph T. Walbran, Asst. U. S. Atty., Minneapolis, Minn., for appellee; Robert

## 468

G. Renner, U. S. Atty., Minneapolis, Minn., on the brief.

Before VOGEL, GIBSON and BRIGHT, Circuit Judges.

### PER CURIAM.

William Orrin Seeverts refused induction into the armed forces of the United States. His indictment, trial and conviction for violation of 50 U.S.C. App. § 462 followed. He appeals, and we affirm the conviction.

The evidence presented to Chief Judge Devitt, who tried the case without a jury, discloses that Local Board No. 9, Olmstead County, Minnesota, reclassified Seeverts from II-S (student deferment) to I-A (available for military service) on July 19, 1967. The local board ordered Seeverts to report for induction on April 22, 1968. Between these dates, the registrant made no protest in any way concerning his classification.

■ On appeal, Seeverts claims that we should set aside his conviction because he proved the local board committed procedural irregularities before ordering him to report for induction, because he established himself as a conscientious objector at the trial before the district court and because his call for military service had been issued in violation of the Constitution of the United States. We have reviewed appellant's contentions and find them wanting of any merit. We deem it unnecessary to engage in any lengthy discussion of these matters. On well-established principles, we reject the appellant's claims.[1]

Affirmed.

---

1. These principles and the case citations in support of each require our rejection of the appellant's claims.

(1) Minor errors in procedure by the local board will not vitiate an induction order. Eagles v. United States ex rel. Samuels, 329 U.S. 304, 67 S.Ct. 313, 91 L.Ed. 308 (1946); Owens v. United States, 396 F.2d 540 (10th Cir.), cert. denied, 393 U.S. 934, 89 S.Ct. 294, 21 L.Ed.2d 270 (1968).

(2) Appellant's claim to be a conscientious objector offered for the first time at his trial affords no basis of attack upon the validity of the order to report for induction. Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132 (1953); United States v. Brooks, 422 F.2d 365 (5th Cir. 1970); Carson v. United States, 411 F.2d 631 (5th Cir.), cert. denied, 396 U.S. 865, 90 S.Ct. 143, 24 L.Ed.2d 119 (1969); United States v. Powers, 413 F.2d 834 (1st Cir.), cert. denied, 396 U.S. 923, 90 S.Ct. 256, 24 L.Ed.2d 205 (1969); Ashton v. United States, 404 F.2d 95 (8th Cir. 1968), cert. denied, 394 U.S. 960, 89 S.Ct. 1308, 22 L.Ed.2d 561 (1969).

(3) The local board's mailing to a registrant of printed forms informing him of his right to personal appearance and of his right to appeal a classification conforms to the constitutional requirements of due process. United States v. Jones, 384 F.2d 781 (7th Cir. 1967); United States v. Capson, 347 F.2d 959 (10th Cir.), cert. denied, 382 U.S. 911, 86 S.Ct. 254, 15 L.Ed.2d 163 (1965).

(4) Appellant lacks standing to question an administrative determination that he possesses "moral suitability" for induction into the armed forces. United States v. Brooks, 415 F.2d 502 (6th Cir. 1969); Nickerson v. United States, 391 F.2d 760 (10th Cir.), cert. denied, 392 U.S. 907, 88 S.Ct. 2061, 20 L.Ed.2d 1366 (1968); see Doty v. United States, 218 F.2d 93 (8th Cir. 1955).

(5) The extent of cross-examination of an accused largely rests within the trial court's discretion. Appellant demonstrates no abuse of the trial court's discretion in this case. See Wiley v. United States, 257 F.2d 900, 909 (8th Cir. 1958).

(6) Courts have sustained the validity of conscription of manpower for the armed forces through Selective Service laws. See United States v. O'Brien, 391 U.S. 367, 371, 377, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968); Ashton, supra, 404 F.2d 95.