**UNITED STATES of America,
Appellee,**

v.

**Arthur Henry RUCKER, Appellant.**

No. 20333.

United States Court of Appeals,
Eighth Circuit.

Jan. 13, 1971.

John J. Donnelly, St. Louis, Mo., for appellant.

Daniel Bartlett, Jr., U. S. Atty., Peter T. Straub, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before GIBSON and BRIGHT, Circuit Judges, and McMANUS, District Judge.

GIBSON, Circuit Judge.

Defendant Arthur Henry Rucker was found guilty in a jury trial and upon a judgment of conviction being duly entered was sentenced to five years in prison for violation of 50 U.S.C. App. § 462 (failure to submit to induction into the Armed Forces of the United States). He filed a timely appeal.

Prior to February 1968, defendant had a II-S (student) deferment. On February 23, 1968, defendant was baptized into Jehovah's Witnesses. In May 1968, he left school. In December 1968, his draft board reclassified him I-A, mailed him the notice of classification, Form 110, and a notice of the right to appeal, Form 217. No appeal was taken from this classification. On February 19, 1969, an order to report for induction was mailed to him. Sometime around the first of March 1969, defendant telephoned the secretary of his local board to see if he could obtain a student deferment if he enrolled in barber school. She told him no. He then asked if there was anything else he could do about his classification. She again said no.

At no time did defendant inform his board of his affiliation with the Jehovah's Witnesses, or request a conscientious objector or ministerial exemption. He reported for induction on March 25, 1969, as ordered and listed on the induction form his occupation as "minister" for a period of one and a half months. He refused to submit to induction. When questioned by the induction officer as to why he had not applied for conscientious objector status, he explained it was against his beliefs. He testified similarly at trial.

■ Defendant now claims his conviction cannot stand because he is a conscientious objector, citing Welsh v. United States, 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308 (1970) and Mulloy v. United States, 398 U.S. 410, 90 S.Ct. 1766, 26 L. Ed.2d 362 (1970). He does not claim that he would either apply for or accept a conscientious objector classification from his draft board. A claim to be a conscientious objector offered for the first time at trial or on appeal affords no basis of attack on the validity of an order to report for induction and is no defense to a refusal to submit to that order. United States v. Seeverts, 428 F.2d 467 (8th Cir. 1970), and cases therein cited.

■ Defendant also objects to the admission in evidence of his selective service file on the grounds that it was not properly verified by the custodian of the records. The file was offered and verified by the supervisory executive secretary of three local boards, all of which were located at the same office. Defendant complains that the records should have been verified by the secretary of his local board. This contention is without merit and borders on the frivolous. The executive secretary testified that she had the care, custody and control of the records, that all entries were prepared by her or under her direction, and that they were entered contemporaneously with the actions taken. The files were properly admitted.

■ Defendant also objects to the admission into evidence of a statement made by him at the time he refused to submit to induction. Upon his refusal to submit, the induction officer requested him to sign a statement, told him that he did not have to sign it and that, if he did, it could be used in evidence against him. Defendant signed a statement saying, "I refuse to be inducted into the Armed Forces of the United States." This was received into evidence at his trial. Defendant objects to its admission on the grounds that at the time he made the statement, he was not advised of his rights as required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The *Miranda* warnings are not required here because the defendant was not in custody at the time he made the statements, and they are otherwise admissible because they were made voluntarily. No-

land v. United States, 380 F.2d 1016 (10th Cir.), cert. denied, 389 U.S. 945, 88 S.Ct. 308, 19 L.Ed.2d 299 (1967); United States v. Kroll, 402 F.2d 221 (3d Cir. 1968), cert. denied, 393 U.S. 1043, 89 S.Ct. 672, 21 L.Ed.2d 592 (1969).

■ Defendant next contends that the trial court erred in permitting certain cross-examination of defendant's witness Samuel Koller. Koller was a member of the Jehovah's Witnesses and was called by the defendant as a character witness. On cross-examination, the Government asked the witness what laws, other than the selective service laws, could not conscientiously be obeyed by members of that religion. Defendant objected and was overruled. The witness was unable to specify any other laws. On redirect examination, defendant's attorney asked the witness whether they could obey certain abortion laws, and the witness answered no. Now on appeal, the defendant contends that the court on its own motion should have declared a mistrial, because the questioning was inflammatory and appealed to the jury's prejudices. There was nothing prejudicial to the defendant in the witness's testimony on direct examination or on cross-examination. The defendant cannot complain that the testimony on redirect relative to the abortion laws was prejudicial to him, since he asked the question.

The final contention made by the defendant is that there is no competent proof in the record that defendant was warned of the penalties which would attach to his failure to submit to induction prior to his commission of that offense, as required by Army Regulation 601–270, paragraph 40c. This regulation provides in pertinent part as follows:

"*Registrants who refuse to submit to induction:* Any registrant who has been removed from the group as prescribed in paragraph 37a(2) and who persists in his refusal to submit to induction will be informed that such refusal constitutes a felony under the provisions of the Universal Military Training and Service Act, as amended. He will be informed further that conviction of such an offense under civil proceedings will subject him to be punished by imprisonment for not more than 5 years, or a fine of not more than $10,000, or both. He will then be informed again of the imminence of induction using the language specified in paragraph 37a(1) and his name and service number again will be called."

■ It should be noted that the language of this regulation is mandatory—the registrant who refuses to be inducted must be warned of the felonious nature of his act and the penalties attached to it. Of course, this requirement is not part of the Selective Service Act itself. Nevertheless, because of its mandatory language, the Ninth Circuit has held that failure to comply with the regulation, where such failure is not caused by the actions of the registrant, is a valid defense to a charge of failing to submit to induction. Chernekoff v. United States, 219 F.2d 721, 725 (9th Cir. 1955); Parrott v. United States, 370 F.2d 388, 395 (9th Cir. 1966), cert. denied, 387 U.S. 908, 87 S.Ct. 1690, 18 L.Ed.2d 625 (1967); accord, United States v. Kroll, 402 F.2d 221 (3d Cir. 1968), cert. denied, 393 U.S. 1043, 89 S.Ct. 672, 21 L.Ed.2d 592 (1969). We have found no other cases which have directly passed on this question, although it has been raised in two other circuits. *See* Ashton v. United States, 404 F.2d 95 (8th Cir. 1968), cert. denied, 394 U.S. 960, 89 S.Ct. 1308, 22 L.Ed.2d 561 (1969); United States v. Kurki, 384 F.2d 905 (7th Cir. 1967), cert. denied, 390 U.S. 926, 88 S.Ct. 861, 19 L.Ed.2d 987 (1968).

■■ Without deciding whether failure to comply with the above regulation is a valid defense to the charge of refusing to submit to induction, we think it is clear that compliance with the regulation is not a matter for the government to prove as part of its case in chief for a violation of § 462, but is a matter to be raised by the defense. Of course, in many instances, there will be a question

of fact to be resolved by the jury as to whether or not the regulation was in fact complied with. Absent a showing to the contrary we presume regularity in administrative proceedings.

 The record however shows that Army Regulation 601–270 was fully complied with and it was after the reading to the defendant of the warnings and admonitions of that regulation that the defendant was requested (but not required) to sign a written statement acknowledging that he refused to be inducted in the Armed Forces of the United States. Additionally, this issue has been waived and is not properly before us on appeal for the reason it was not raised in the trial court. United States v. Kurki, *supra.*

The judgment of conviction is affirmed.