UNITED STATES of America,
Plaintiff-Appellee,

v.

Peter William SAUNDERS, Jr.,
Defendant-Appellant.

No. 28929.

United States Court of Appeals,
Fifth Circuit.

Dec. 14, 1970.

Stanley M. Pred, Miami, Fla. (Court-appointed), for defendant-appellant.

Robert W. Rust, U. S. Atty., Jose E. Martinez, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and DYER and INGRAHAM, Circuit Judges.

PER CURIAM:

Appellant was convicted on a nonjury trial of willfully and knowingly failing to register with the Selective Service. We affirm.

Saunders was required to register for the draft within 5 days after his 18th birthday on January 29, 1968.[1] The indictment charged that the Appellant had failed to submit himself for registration at his local board on April 15, 1969, at a time when he was between the ages of 18 and 26.

Saunders first contends that under the reasoning of Toussie v. United States, 1970, 397 U.S. 112, 90 S.Ct. 858, 25 L.Ed.2d 156, the indictment does not

---

1. This is based on Appellant's birth certificate giving his date of birth as January 29, 1950. There seems some confusion in the record as to whether Appellant was born on January 29 of 1948, 1949, or 1950. But this is irrelevant since Appellant had not registered within the proper time regardless of the correct date.

state an offense because the date on which it was alleged he had failed to register (April 15, 1969) was subsequent to the date on which the law compelled him to register, namely 18 years plus 5 days. But we recently rejected this argument in United States v. Owens, 5 Cir., 1970, 431 F.2d 349 to which we adhere.[2]

 Next Saunders urges that there was insufficient evidence to sustain a finding that he had the requisite intent to evade the draft. The resolution of this issue was simply a credibility choice for the District Court on a record quite ample to sustain it.

 Next, Saunders attacks his sentence on the ground that he did in fact register a few days after his indictment and two days before his arrest and largely for this reason, the United States Attorney's office recommended to the Department of Justice that the indictment be dismissed—a recommendation the Department rejected as it had a right to do within the unqualified discretion of the Executive. See United States v. Cox, 5 Cir., 1965, 342 F.2d 167, cert. denied, Cox v. Hauberg, 1965, 381 U.S. 935, 85 S.Ct. 1767, 14 L.Ed.2d 700. Thus Saunders claims that his sentence of thirty months imprisonment was too harsh and invalid as cruel and unusual. But the sentence within the statutory limits[3] is committed to the discretion of the Trial Judge, and no abuse of discretion is shown here. See e. g., United States v. Fallon, 7 Cir., 1969, 407 F.2d 621, cert. denied, 1969, 395 U.S. 908, 89 S.Ct. 1749, 23 L.Ed.2d 220.

 We reject, as we have many times before, Saunders' final claim that peacetime conscription is unconstitutional. Simmons v. United States, 5 Cir., 1969, 406 F.2d 456, cert. denied, 1969, 395 U.S. 982, 89 S.Ct. 2144, 23 L.Ed.2d 770, and Kemp v. United States, 5 Cir., 1969, 415 F.2d 1185, cert. denied, 397 U.S. 969, 90 S.Ct. 1008, 25 L.Ed.2d 263.

Affirmed.

2. Ironically Mr. Owens was a friend of the Appellant and was indicted and arrested about the same time.

3. The maximum sentence for this offense is a $10,000 fine, 5 years imprisonment, or both.