**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 3 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

KENNETH CHEE,

     Defendant - Appellant.

No. 98-2038
(D.C. No. CR-97-286-JC)
(District of New Mexico)

## ORDER AND JUDGMENT[*]

Before **BALDOCK**, **HENRY** and **LUCERO**, Circuit Judges.

Kenneth Chee, a Navajo Indian, presents six claims on appeal of his conviction of numerous crimes of violence perpetrated on an Indian reservation in New Mexico against Lynn Dawes, Chee's common-law wife under tribal custom. Exercising jurisdiction under 18 U.S.C. § 3742(a)(1) and (2), and 28 U.S.C. § 1291, we affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

## I

The charges against Chee arose from three violent incidents that occurred on separate occasions over a period of more than three years. Testimony at trial showed an abusive relationship in which Chee's violent rages against Dawes, often fueled by his consumption of alcohol, resulted in ferocious beatings that caused lasting injury. On one occasion, Chee forced Dawes to engage in sexual acts with Chee and two of his cousins; other incidents included an assault following Dawes's refusal to have sex with Chee, and a beating in which Chee bit Dawes's lip, leaving a permanent scar on her mouth.

Chee was charged with maiming, in violation of 18 U.S.C. § 114; assault resulting in serious bodily injury, in violation of 18 U.S.C. § 113(a)(6); three counts of aggravated sexual abuse, in violation of 18 U.S.C. §§ 2241(a) as defined by 18 U.S.C. § 2246(2)(A); and aiding and abetting, in violation of 18 U.S.C. § 2. The jury convicted Chee on all five counts, and Chee was sentenced to 188 months imprisonment. Chee presents six issues on appeal, including appeals of three trial court rulings on pre-trial and trial motions; a claim that his trial counsel rendered constitutionally ineffective assistance; and two claims that the trial court erred in enhancing his sentence based on the injuries and pain his offenses caused.

## II

Chee appeals three trial court rulings on motions made during and immediately before trial: the denial of his motion to sever the maiming and assault counts from the sexual abuse counts; the denial of his motion for judgment of acquittal based upon the insufficiency of the government's evidence; and the admission of prejudicial hearsay testimony. We address each in turn.

## A. Motion to Sever

The trial court denied Chee's pretrial motion, pursuant to Fed. R. Crim. P. 14, to sever the maiming, assault, and sexual abuse counts. Rule 14 provides that "if it appears that a defendant . . . is prejudiced by a joinder of offenses . . ., the court may order . . . separate trials of counts." Chee essentially argued to the district court that because the evidence concerning the separate counts, when viewed together by the jury in one trial, would constitute prohibited "evidence of other crimes, wrongs, or acts" offered "to prove the character of a person in order to show action in conformity therewith," Fed. R. Evid. 404(b), the joinder of these counts would create an improper inference of Chee's propensity to commit violence.

We review a district court's denial of a motion to sever for abuse of discretion. See United States v. Wacker, 72 F.3d 1453, 1468 (10th Cir. 1995). Where the district court has denied severance, an appellant bears the "heavy burden of demonstrating prejudice to his case." United States v. Rogers, 925 F.2d

1285, 1287 (10th Cir. 1991) (citation and internal quotation omitted).  A district court is not required to sever counts simply because the cumulative effect of evidence of similar misconduct might prejudice the defendant.  See United States v. Hollis, 971 F.2d 1441, 1457 (10th Cir. 1992); cf. United States v. Valentine, 706 F.2d 282, 290 (10th Cir. 1983) ("[T]he mere fact that a defendant may have a better chance for acquittal by separate trials of charges is not sufficient to require severance.").  Nor does Fed. R. Crim. P. 14 require the trial court to sever separate counts simply because the government's evidence is stronger on some counts than on others.  See United States v. Cox, 934 F.2d 1114, 1120 (10th Cir. 1991).

Chee cannot meet the heavy burden of demonstrating prejudice.  We have found no prejudice from the joinder of counts where similar offenses "took place on different dates at different locations, and different witnesses and evidence were presented on each count."  United States v. Muniz, 1 F.3d 1019, 1023 (10th Cir. 1993) (citing Drew v. United States, 331 F.2d 85, 92-93 (D.C. Cir. 1964)).  Moreover, Chee presents us with little more than conclusory statements that if the trial court had severed the counts, he would have been protected from prejudicial evidence introduced to prove the other alleged crimes in separate trials.

Even if the trial court had severed the counts, the evidence Chee sought to separate through severance would likely have been admissible in the individual

-4-

trials. Fed. R. Evid. 404(b) allows "evidence of other crimes, wrongs, or acts" to be admissible for proof of motive and intent, so long as it is offered for a proper purpose, it meets the relevancy requirement of Fed. R. Evid. 402, the trial court finds that its probative value is not substantially outweighed by its potential for creating unfair prejudice, and the trial court, upon request, limits the jury's consideration of the evidence to the proper purpose for which it was admitted. See United States v. Morgan, 936 F.2d 1561, 1572 (10th Cir. 1991) (citing Huddleston v. United States, 485 U.S. 681, 691-92 (1988)). In analogous factual circumstances, we have held that evidence that a defendant had previously raped his wife is admissible under Rule 404(b) in his murder trial as probative of the defendant's intent to kill his wife, and was neither irrelevant nor sufficiently prejudicial to warrant exclusion. See United States v. Joe, 8 F.3d 1488, 1495-96 (10th Cir. 1993); cf. Hollis, 971 F.2d at 1457 (affirming district court's denial of motion to sever where evidence of similar conduct in separate episodes of bank and insurance fraud would have been admissible under Fed. R. Evid. 404(b) as showing intent or lack of mistake).

The only effect of severance of which we can be certain is that it would have wasted judicial resources, and we defer to the "obviously important considerations of economy and expedition in judicial administration" that a trial court takes into account in deciding to join and not to sever different counts

against the same defendant. United States v. Dirden, 38 F.3d 1131, 1140 (10th Cir. 1994) (citation and internal quotation omitted). We therefore affirm the district court's denial of Chee's motion to sever.

## B. Sufficiency of the Evidence

Chee also appeals the trial court's denial of his motion for judgment of acquittal on the maiming and assault counts, which his counsel originally presented after the close of the government's case in chief,[1] and which the trial court renewed sua sponte at the close of trial. Chee contends that the evidence presented by the government on these counts was insufficient for a jury to find him guilty beyond a reasonable doubt under the relevant criminal statutes.

We review the denial of a motion for judgment of acquittal de novo, using the same standard as the trial court. See United States v. Jaynes, 75 F.3d 1493, 1500 (10th Cir. 1996). We view all the evidence and draw all reasonable inferences in the light most favorable to the prosecution. See United States v. Fleming, 19 F.3d 1325, 1328 (10th Cir. 1994). We "then determine whether there is substantial evidence from which a jury might properly find the accused guilty beyond a reasonable doubt." United States v. Valadez-Gallegos, 162 F.3d 1256,

---

[1]Chee's original motion for judgment of acquittal encompassed all of the counts. The court denied the motion as to the sexual abuse charges, but took under advisement the defendant's motion to dismiss the maiming and assault charges. The court's denial of the motion for judgment of acquittal on the sexual abuse charges is not appealed.

1262 (10th Cir. 1998) (citation and internal quotation omitted). The evidence supporting the conviction must be substantial and do more than raise a suspicion of guilt. See United States v. Taylor, 113 F.3d 1136, 1144 (10th Cir. 1997). It is the jury's role as fact finder, however, to resolve conflicting testimony, weigh the evidence, and draw inferences from the facts presented. See United States v. Nieto, 60 F.3d 1464, 1469 (10th Cir. 1995).

In his motion for judgment of acquittal on the maiming count, Chee argued that the government failed to prove the intent requirement of 18 U.S.C. § 114. The relevant language defining the elements of maiming in § 114 reads: "[w]hoever . . . with intent to . . . maim, or disfigure, cuts, bites, or slits the nose, ear, or lip . . . of another person." As a preliminary matter, we agree with both appellant and the government that § 114 defines a specific intent crime. See United States v. Salamanca, 990 F. 2d 629, 635 (D.C. Cir. 1993) (assuming a specific intent requirement in 18 U.S.C. § 114, as well as in § 113(a), which similarly uses the words "with intent to" in prohibiting assault).

Chee claims there was insufficient evidence to prove specific intent, and that evidence that he was intoxicated at the time of the maiming negates any intent the prosecution may have proved. First, we find there was sufficient evidence, presented in testimony from both the victim and her sister, of Chee's biting and disfiguring Dawes for the jury to conclude that the government

established all of the elements of 18 U.S.C. § 114. The evidence presented indicates that Chee bit Dawes's lip so hard that her pillow was bloodied and she was permanently scarred.

Intoxication, however, is a defense to a specific intent crime. See United States v. Sands, 968 F.2d 1058, 1064-65 (10th Cir. 1992). The only evidence of his intoxication that Chee identifies in the record is one witness's description of Chee as "like drunk" during the evening of the maiming incident, and the trial judge's statement in considering the defense's motion for judgment of acquittal that Chee was "drunk all the time." Viewing all of the evidence in the light most favorable to the government, we find that these statements are insufficient to warrant our reversal of the trial court's denial of Chee's motion for judgment of acquittal.[2]

---

[2]Chee's trial counsel did not request or tender an instruction concerning either the specific intent requirement of § 114 or Chee's intoxication. Chee has therefore waived appeal of the trial court's jury instructions, see Fed. R. Crim. P. 30 ("No party may assign as error any portion of the [jury instructions] or omission therefrom unless that party objects thereto before the jury retires to consider its verdict."), unless there is plain error resulting in a miscarriage of justice, see United States v. Sides, 944 F.2d 1554, 1562 (10th Cir. 1991). In addition, appellant did not raise in his opening brief the trial court's failure to instruct the jury that a finding of specific intent is required to convict under § 114 or that intoxication negates specific intent. These claims are therefore waived on appeal. See State Farm Fire & Casualty Co. v. Mhoon, 31 F.3d 979, 984 n.7 (10th Cir. 1994). Nonetheless, we note that "instructing in terms of 'specific intent' has been disfavored by the courts because of the confusing and ambiguous nature of such an instruction," United States v. Laughlin, 26 F.3d
(continued...)

Chee challenges the trial court's denial of his motion for judgment of acquittal on the assault charge on the grounds that the government failed to present evidence of an assault in 1993, and thereby failed to prove the allegation in the indictment that Chee had assaulted Dawes "between or about March 1, 1993, and on or about May 31, 1993." I R. Doc. 1 at 1. Such a discrepancy between the indictment and the facts proven at trial, however, does not bar conviction where time is not an element of the offense and the facts charged in the indictment show that the offense falls within the relevant statute of limitations.[3] See United States v. Young, 862 F.2d 815, 818-19 (10th Cir. 1988) (citation omitted). The government presented evidence concerning Chee's assault

---

[2](...continued)
1523, 1527 (10th Cir. 1994) (citing Liparota v. United States, 471 U.S. 419, 433 n.16 (1985)), and that the evidence of intoxication at trial was insufficient to require the trial court to instruct the jury on the issue sua sponte, see United States v. Janusz, 135 F.3d 1319, 1322 (10th Cir. 1998) (holding that we reverse trial court's failure to give instruction on good faith defense sua sponte only where its failure is plain error that affects substantial rights); United States v. Larsen, 525 F.2d 444, 447 (10th Cir. 1975) (affirming trial court's failure to give instruction on intoxication defense where evidence of drunkenness was insufficient). We address the issue of whether defense counsel's failure to present evidence and request jury instructions on the intoxication issue represents constitutionally ineffective assistance of counsel in Part III, infra.

[3]Appellant failed to argue that the assault charge may have been barred by the five year statute of limitations. See 18 U.S.C. § 3282 (establishing statute of limitations for non-capital offenses). "It is well settled that the statute of limitations is an affirmative defense which is waived unless raised at trial." United States v. Gallup, 812 F.2d 1271, 1280 (10th Cir. 1987) (citing Biddinger v. Commissioner, 245 U.S. 128, 135 (1917)).

of Dawes that is sufficient to enable a reasonable jury to convict Chee of assault beyond a reasonable doubt. Both Dawes and her sister testified that Chee abused Dawes throughout their relationship, and Dawes specifically testified that he kicked and punched her in the mouth in 1992. Furthermore, Dr. Dean Yannias, the physician who diagnosed Dawes with temporomandibular joint dysfunction ("TMJ") of the jaw, testified that Dawes told him that the injury could be attributed to her husband's assault.

Moreover, we have stated that "when an indictment uses the terminology 'on or about,' proof of a date reasonably near to the specified date is sufficient." United States v. Castillo, 140 F.3d 874, 885 (10th Cir. 1998); see also United States v. Alviso, 152 F.3d 1195, 1197 (9th Cir. 1998) (noting that the government must prove that the crime occurred on a date reasonably near the alleged date); United States v. Cisneros, 112 F.3d 1272, 1282 (5th Cir. 1997) (same). The court therefore correctly instructed the jury that the government need not have proven a specific date so long as it proved "beyond a reasonable doubt that the defendant committed the crime on a date reasonably near the date stated in the indictment." I R. Doc. 33 (Instruction 8B).

More importantly, Chee has not demonstrated that he suffered prejudice of any substantial rights from this variance. See United States v. Ailsworth, 138 F.3d 843, 848 (10th Cir.) ("The variance is reversible error only if it affects the

substantial rights of the accused.") (citation omitted), <u>cert. denied</u>, 119 S. Ct. 221 (1998); <u>United States v. Harmon</u>, 486 F.2d 363, 366 (10th Cir. 1973) (describing the indictment's "failure to apprise [defendant] as to the nature and character of the offense" as "the most important consideration" in considering variance between time of offense alleged in indictment and proven at trial). Here, Chee only argues that the evidence was insufficient to warrant his conviction. For the reasons stated above, we disagree and affirm.

### C. Tanberg Testimony

Chee claims that the trial court abused its discretion when it allowed a government rebuttal witness, FBI Agent John Tanberg, to testify about his unrecorded interview of Maurice Chee, one of the men with whom appellant forced Dawes to have sex. Appellant asserts that this testimony constituted inadmissible hearsay. The government counters that the hearsay in Tanberg's testimony concerned Maurice Chee's prior inconsistent statements. We review the trial court's decision to admit evidence for abuse of discretion. <u>See</u> <u>United States v. Davis</u>, 40 F.3d 1069, 1073 (10th Cir. 1994). This standard applies to rebuttal testimony as well. <u>See</u> <u>Marsee v. United States Tobacco Co.</u>, 866 F.2d 319, 324 (10th Cir. 1989).

When the prosecution called Tanberg, Maurice Chee had already testified for the defense that Kenneth Chee did not physically assault Dawes or take her

clothes off on the night of October 2, 1995, and that rather than being forced to have sex with multiple partners, Dawes enjoyed the experience. To rebut Maurice Chee's testimony, the prosecution called Tanberg, who had interviewed him on October 4, 1995. Over objections from defense counsel, the trial court allowed Tanberg to testify that during Tanberg's interview of Maurice Chee, the latter described the events of October 2 in terms that directly contradicted his subsequent trial testimony concerning the degree of force appellant used against Dawes and his suggestion that Dawes consented to the intercourse.

Tanberg's testimony was not introduced for the truth of the matter asserted, but only to impeach Maurice Chee, who had been questioned about his interview with Tanberg. See Fed. R. Evid. 613(b) ("evidence of a prior inconsistent statement by a witness is not admissible unless the witness is afforded an opportunity to explain or deny the same"); Anderson v. Charles, 447 U.S. 404, 408 (1980); United States v. Canterbury, 985 F.2d 483, 486 (10th Cir. 1993). Nevertheless, appellant argues, Tanberg's testimony should have been excluded because it both reiterated Maurice Chee's own testimony, and ranged beyond the witness's testimony to include substantive evidence of prior statements that was not otherwise admissible. See United States v. Carter, 973 F.2d 1509, 1512 (10th Cir. 1992) (prohibiting introduction of hearsay evidence under the guise of impeachment when the prosecution actually seeks to introduce the evidence for its

truth). Tanberg's testimony, however, was limited to describing the inconsistencies of Maurice Chee's prior statements. The district court therefore acted within its discretion in allowing it.

## III

Chee claims that the ineffectiveness of his trial counsel "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington, 466 U.S. 668, 686 (1984). Our general rule is that "[i]neffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal." United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). "A factual record must be developed in and addressed by the district court in the first instance for effective review." Id. This rule is not absolute, however, see id. at 1240-41, and in the past we have considered on direct appeal claims that required no further development to facilitate review, see, e.g., United States v. Carter, 130 F.3d 1432, 1442 (10th Cir. 1997) (reviewing ineffective assistance of counsel claims on direct appeal where district court heard testimony from defendant and his attorney on relevant issue during sentencing hearing), cert. denied, 118 S. Ct. 1856 (1998); United States v. Carr, 80 F.3d 413, 416 n.3 (10th Cir. 1996) (same, where district court held hearing and made specific finding concerning

-13-

defendant's allegation that counsel's ineffective assistance led to defendant's guilty plea).

After carefully reviewing the record, however, we find that it is prudent to await collateral proceedings to consider appellant's ineffective assistance of counsel claim. It is possible that defense counsel, having filed a motion for judgment of acquittal at the end of the government's case, and having had the court renew the motion at the end of trial, made a tactical decision not to request a jury instruction on intoxication with respect to the maiming count. Counsel may have worried that extensive evidence of his client's intoxication would prejudice his client on the sexual abuse counts, which do not require specific intent, by presenting him as an individual who, lacking self-control, would be incapable of recognizing that his sexual partner did not consent to having sex with him and two additional partners. We think it best to allow "counsel accused of deficient performance [to] explain their reasoning and actions" in a collateral proceeding in the district court. Galloway, 56 F.3d at 1240. Accordingly, we dismiss this claim without prejudice.

## IV

Chee appeals enhancements he received in his offense level computation for the injuries and pain caused by his maiming, assault, and sexual abuse. We review the trial court's factual findings in computing Chee's sentence for clear

error, and the trial court's interpretation and application of the sentencing guidelines de novo.   See United States v. Pappert  , 112 F.3d 1073, 1078 (10th Cir. 1997) (citing   United States v. McAlpine   , 32 F.3d 484, 487-88 (10th Cir. 1994)).

**A.  Sentence Enhancement on Maiming and Assault Counts**

Pursuant to U.S.S.G. § 2A2.2(b)(3)(C), the trial court awarded Chee six-level increases in the computation of his offense levels for both the assault and maiming offenses because of the permanent bodily injuries that Chee inflicted upon Dawes.   Chee argues that the evidence of Dawes's injuries was insufficient to support these increases, and that because the assault charge required the jury to find that he had inflicted serious bodily injury, the trial court's finding of permanent injury in enhancing the sentence constituted impermissible double counting.

The government introduced evidence at trial that was sufficient to support the enhancement of Chee's offense level computation.  According to the Guidelines, permanent or life threatening bodily injury includes "loss or substantial impairment of the function of a bodily member [or] organ . . . that is likely to be permanent; or an obvious disfigurement that is likely to be permanent." U.S.S.G. § 1B1.1, comment. (n.1(h)).  In addition to Dr. Yannias's testimony about the scars on Dawes's lip and her TMJ condition, Dawes testified about her facial injuries and scars.  Although Dr. Yannias could not conclude

-15-

with certainty that Dawes's permanent bodily injuries were caused by the conduct for which Chee was found guilty, it was not clear error under U.S.S.G. § 2A2.2(b)(3)(C) for the trial court to enhance Chee's sentence given the extensive trial testimony of the specific episodes of Chee's physical abuse of Dawes.

In addition, the trial court correctly applied the Guidelines in increasing the calculation of Chee's offense level by six points. The guideline under which the court calculated Chee's sentence addresses crimes committed under 18 U.S.C. §§ 114 and 113(a)(6), the statutory provisions under which Chee was convicted. Furthermore, the commentary specifically states that "'[a]ggravated assault' means a felonious assault that involved . . . serious bodily injury." U.S.S.G. § 2A2.2, comment. (n.1). "[T]he plain language of the guidelines indicates Congress intended for double counting to occur under § 2A2.2. . . . Where the plain language of the guidelines requires the court to use a factor more than once in computing a defendant's sentence, the court is obligated to apply the guidelines as written." United States v. Duran, 127 F.3d 911, 918 (10th Cir. 1997) (citing United States v. Florentino, 922 F.2d 1443, 1446-47 (10th Cir. 1990)), cert. denied, 118 S. Ct. 1389 (1998). We conclude that the trial court's enhancement of Chee's sentence under U.S.S.G. § 2A2.2(b)(3)(C) was permissible.

## B. Sentence Enhancement on Sexual Abuse Counts

The court increased the offense level calculation for Chee's sentence on the sexual abuse conviction by two points pursuant to U.S.S.G. § 2A3.1(b)(4)(B) for the "serious bodily injury" resulting from the rape. Under the Guidelines, "[s]erious bodily injury means injury involving extreme physical pain." U.S.S.G. § 1B1.1, comment. (n.1(j)). Chee argues that the evidence of the pain that Dawes suffered was insufficient to support that enhancement. We disagree. The doctor and nurse who examined Dawes in the emergency room at Gallup Indian Health Services after the rape testified that they found bruises and abrasions all over Dawes's body, and the government introduced photographs showing the wounds into evidence. Therefore, the court did not commit clear error in enhancing Chee's sentence.

**AFFIRMED.**

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge