**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jorge HERNANDEZ–NORIEGA,**
**Defendant–Appellant.**

**No. 04–5037.**

United States Court of Appeals,
Tenth Circuit.

Dec. 15, 2004.

Enneth P. Snoke, Asst. U.S. Attorney, David E. O'Meilia, U.S. Attorney, Neal Kirkpatrick, Asst. U.S. Attorney, Phil Pinnell, Tulsa, OK, for Plaintiff–Appellee.

Paul D. Brunton, Fed. Public Defender, Julia L. O'Connell, Barry L. Derryberry, Asst. Federal Public Defender, Tulsa, OK, for Defendant–Appellant.

Before KELLY, HENRY, and TYMKOVICH, Circuit Judges.

## ORDER AND JUDGMENT*

HENRY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously to decide this case on the briefs without oral argument. *See* FED. R.APP. P. 34(f); 10TH CIR. R. 34.1(G). The case is therefore ordered submitted without oral argument.

A jury convicted Jorge Hernandez–Noriega on one count of being found in the United States after deportation without having received permission from the Attorney General to reenter, in violation of 8 U.S.C. § 1326. Mr. Hernandez–Noriega now appeals, arguing that the evidence was insufficient to support his conviction. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

## I. BACKGROUND

The indictment charged Mr. Hernandez–Noriega with being found within the United States on or about January 6, 2003. The record reflects that he was arrested in Tulsa, Oklahoma, for public intoxication on

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10TH CIR. R. 36.3.

that date. *See* Rec. vol. I, doc. 1, at 2. It is undisputed that Mr. Hernandez–Noriega was originally removed from the United States in 1998 and was subsequently removed from the United States in 2001. It is also undisputed that agents from the United States Bureau of Citizenship and Immigration Services (formerly the Immigration and Naturalization Service (INS)) interrogated Mr. Hernandez–Noriega in the United States on January 24, 2003. It is further undisputed that during the interrogation, Mr. Hernandez–Noriega waived his right to remain silent. In a sworn statement, he admitted that he was previously deported from the United States and that he reentered the United States illegally.

## II.  ANALYSIS

In order to sustain a conviction under 8 U.S.C. § 1326, the government must prove that (1) the defendant is an alien; (2) who was arrested and deported; and (3) thereafter voluntarily reentered the United States; (4) without the permission of the Attorney General. *United States v. Miranda–Enriquez,* 842 F.2d 1211, 1212 (10th Cir.1988). Mr. Hernandez–Noriega argues on appeal that the evidence was insufficient for a rational jury to conclude beyond a reasonable doubt that he was "found" in the United States after deportation, the third element of the statute under which he was convicted.

We review the record de novo for sufficiency of the evidence. *United States v. Nelson,* 383 F.3d 1227, 1229 (10th Cir. 2004). Evidence is sufficient to support a conviction if a reasonable jury could find the defendant guilty beyond a reasonable doubt, given the direct and circumstantial evidence, along with reasonable inferences therefrom, taken in a light most favorable to the government. *Id.* We evaluate the sufficiency of the evidence by "considering the collective inferences to be drawn from the evidence as a whole." *Id.* (quoting *United States v. Wilson,* 107 F.3d 774, 778 (10th Cir.1997)).

■ Mr. Hernandez–Noriega correctly argues that the government satisfies the "found" element of § 1326 when it "discovers" a deported alien within the United States. *See United States v. Meraz–Valeta,* 26 F.3d 992, 997 (10th Cir.1994) ("The 'found in' language of § 1326(a) informs an alien who has been previously deported and returns to the United States without the permission of the Attorney General that he or she will be deemed guilty of an offense upon discovery within the United States."), *overruled on other grounds, United States v. Aguirre–Tello,* 353 F.3d 1199 (10th Cir.2004) (en banc). He stresses that the "found" element is complete at the moment authorities discover an alien's presence in the United States and know the presence is illegal, but is not a continuing offense that lasts past the moment when those two factors converge.

This assertion is accurate:

The mere need for a confluence of factors [discovery in the United States and knowledge that presence is illegal] before the offense is complete, however, does not mean that the offense is a continuing one past the occurrence of the last factor. . . . [W]e see no indication that Congress intended being "found" itself to be treated as a continuing offense so that an alien whom the authorities have once taken into custody with knowledge of the illegality of his presence may be repeatedly deemed to have been "found" at some later time or times.

*United States v. Rivera–Ventura,* 72 F.3d 277, 282 (2d Cir.1995).

Nevertheless, the fact that being "found" is not a continuing offense does

not entitle Mr. Hernandez–Noriega to relief. The statute simply requires that he be "found" in the United States "at any time" after being deported. *See* 8 U.S.C. § 1326 (making it a violation if an alien "enters, attempts to enter, or is at any time found in the United States" without permission). The government presented ample evidence that Mr. Hernandez–Noriega was interrogated in the United States on January 24, 2003. While Mr. Hernandez–Noriega's argument that authorities did not "discover" him in the United States on that date may raise an interesting metaphysical question, it cannot withstand common-sense scrutiny. He was plainly in the United States on January 24 when he was interrogated. At that point, authorities "found" him; they knew he was in the United States (indicated by his presence at the interrogation), and they knew his presence was illegal (based on his sworn statement).

■ There is a variance between January 6, the date charged in the indictment, and January 24, the date on which the government's evidence indicated Mr. Hernandez–Noriega was in this country. It is sufficient for our inquiry into the jury's verdict that January 24 is "reasonably near" January 6, because the indictment charged Mr. Hernandez–Noriega with being found "on or about" January 6. *See United States v. Castillo*, 140 F.3d 874, 885 (10th Cir.1998) ("[w]hen an indictment uses the terminology 'on or about,' proof of a date reasonably near to the specified date is sufficient."); Rec. vol. I, doc. 3, at 1. The jury instructions also properly instructed the jury that "on or about" means "reasonably near." Rec. vol. I, doc. 14, at 17.

In determining whether the date of the evidence in the case is "reasonably near" to the date alleged in the indictment, our inquiry turns on whether the defendant's substantial rights were prejudiced by the variance:

> The true inquiry, therefore, is not whether there has been a variance in proof, but whether there has been such a variance as to "affect the substantial rights" of the accused. The general rule that allegations and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense.

*Berger v. United States*, 295 U.S. 78, 82, 55 S.Ct. 629, 79 L.Ed. 1314 (1935); *United States v. Tsinhnahijinnie*, 112 F.3d 988, 991 (9th Cir.1997) ("A defendant is entitled to know what he is accused of doing in violation of the criminal law, so that he can prepare his defense, and be protected against another prosecution for the same offense.").

Here, the variance between January 6 and January 24 did not prejudice Mr. Hernandez–Noriega's substantial rights. The government's evidence indicated that he was found in this country on January 24. If believed, this evidence was sufficient to convict Mr. Hernandez–Noriega under § 1326.

Where, as here, time is not an element of the offense, and where "the phrase 'on or about' is used in an indictment in connection with a specific date ..., if the prosecution proves that the offense was committed within a few weeks of the date, the proof will be deemed sufficient to hold [the] defendant responsible for the charge." *United States v. Charley*, 189 F.3d 1251, 1272–73 (10th Cir.1999) (quoting *Kokotan v. United States*, 408 F.2d 1134, 1138 (10th Cir.1969)). Indeed, "[a]

variance between the date alleged in the indictment and the date of the commission of the offense as shown by the evidence is generally not fatal." *United States v. Harmon,* 486 F.2d 363, 366 (10th Cir.1973). When we take the evidence and inferences therefrom in the light most favorable to the government, we have no doubt that a reasonable jury could conclude that a time period of three weeks encompasses dates that are "reasonably near" one another in these circumstances.

Finally, we are also convinced on this record that the government presented ample evidence from which a reasonable jury could conclude that Mr. Hernandez–Noriega violated 8 U.S.C. § 1326. In a sworn statement, he admitted each element of the charges against him. These admissions, standing alone, would not be enough to convict him, however, because "[a] conviction based on an extrajudicial incriminating statement cannot be sustained unless the government introduces substantial evidence which would tend to establish the trustworthiness of the statement. It is sufficient if the corroboration supports the essential facts admitted sufficiently to justify a jury inference of their truth." *United States v. Jones,* 933 F.2d 807, 809 (10th Cir.1991) (citations, alteration, and quotations omitted).

Mr. Hernandez–Noriega's statement, however, did not stand alone. The government introduced several documents from his "A-file" and testimony from three witnesses, all of which indicated that Mr. Hernandez–Noriega had previously been deported, had not received permission from the Attorney General to return, and was within the United States. Considering the evidence and collective inferences to be drawn from the evidence as a whole, taken in a light most favorable to the government, a reasonable jury could find beyond a reasonable doubt that Mr. Hernandez–Noriega violated 8 U.S.C. § 1326.

## III. CONCLUSION

For the reasons stated herein, we AFFIRM the judgment and sentence of the district court.