**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JORGE HERNANDEZ-NORIEGA,

Defendant-Appellant.

No. 04-5037

(N.D. Okla.)

(03-CR-17-K)

**ORDER ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before **KELLY**, **HENRY**, and **TYMKOVICH**, Circuit Judges.

Jorge Hernandez-Noriega contends that the district court committed plain non-constitutional sentencing error when it applied a sixteen-level enhancement under USSG § 2L1.2(a) to his offense level, as required at the time under the Guidelines. For the reasons stated herein, we vacate Mr. Hernandez-Noriega's sentence and remand for resentencing.

I. BACKGROUND

Mr. Hernandez-Noriega was convicted of reentry of a deported alien previously convicted of an aggravated felony, in violation of 8 U.S.C. §

1326(a)(1) and (b)(2). *See United States v. Hernandez-Noriega*, 118 Fed. Appx. 458 (10th Cir. Dec. 15, 2004) (unpublished op.) ("*Hernandez-Noriega I*"), vacated and remanded, 125 S. Ct. 1958 (2005) ("*Hernandez-Noriega II*"). The district court determined that Mr. Hernandez-Noriega's prior conviction for a drug trafficking crime exceeded thirteen months' imprisonment, warranting a sixteen-level offense increase under United States Sentencing Commission Guidelines Manual (USSG) § 2L1.2 (b)(1)(A). This provision mandates a base offense level of eight and a sixteen-level increase for defendants who were deported after conviction of a drug trafficking offense with a sentence of more than thirteen months. USSG § 2L1.2(b)(1)(A). Relying on that determination, the district court sentenced him to ninety-two months' imprisonment.

Mr. Hernandez-Noriega then appealed his conviction, arguing that there was insufficient evidence to support his conviction under § 1326. We affirmed his conviction and sentence in *Hernandez-Noriega I.*

Thereafter, Mr. Hernandez-Noriega filed a petition for a writ of certiorari in the United States Supreme Court, asserting that the sentence was erroneous pursuant to *Blakely v. Washington*, 124 S. Ct. 2531 (2004). During the pendency of the Supreme Court proceeding, the Court decided *United States v. Booker*, 125 S. Ct. 738 (2005). Thereafter, the Court summarily remanded for further consideration in light of *Booker*. *See Hernandez-Noriega II*, 125 S. Ct. at 1958.

At our direction, the parties have filed supplemental briefs on the applicability of *Booker*. Mr. Hernandez-Noriega now challenges the sixteen-level enhancement, claiming the district court committed non-constitutional plain error when it adopted a sixteen-level increase in the offense level under USSG § 2L1.2(b)(1)(A). He argues that a reasonable probability exists the district court would have sentenced him outside of the Guidelines range under an advisory, rather than a mandatory, sentencing scheme. For the following reasons, we vacate Mr. Hernandez-Noriega's sentence and remand for resentencing.

## II. DISCUSSION

### A. Procedural History

The presentence report ("PSR") recommended the sixteen-level enhancement under U.S.S.G. § 2L1.2 because of Mr. Hernandez-Noriega's 1988 conviction for possession with intent to distribute an unspecified amount of methamphetamine. Mr. Hernandez-Noriega received a sentence of sixty months' probation for that offense. His probation was subsequently revoked, and he served two years in state prison. Rec. vol. II, ¶¶ 12, 25. Applying other sentencing factors, the probation officer calculated Mr. Hernandez-Noriega's total offense level at 24 and his criminal history category at V, for a final Guidelines range of 92 to 115 months' imprisonment. *Id.* ¶ 46.

Through counsel, Mr. Hernandez-Noriega did not object to the PSR's factual representations, including his prior two-year sentence for possession with intent to distribute methamphetamine. Counsel recognized that "there just is no available avenue for departure" and asked for a sentence at the low end of the range. Second. Supp. Rec. vol. II, at 6 (Tr. Sept. 8, 2003).

After hearing from the defendant, the district court expressed concern with the severity of the sixteen-level increase under 2L1.2. The following colloquy ensured:

| | |
|---|---|
| District court: | Well, what's the basis for the 16-level increase? |
| Government: | It's just that if you have been deported . . . after you had the convictions, they don't necessarily have to be – the deportation doesn't have to be necessarily for the drug convictions. |
| District court: | And the aggravated felony is what then? . . . So you're just saying any deportation after any criminal conviction: |
| Government: | That's our understanding of the guidelines, Your Honor. |
| District Court: | Well, do you have any case law on that? |
| Government: | Not at my fingertips I do not. |

*Id.* at 8.

The district court later observed that

> *the language in this guideline seems confusing . . . . [I]t just doesn't appeal to my sense of fairness* that we're going back to 1988 to pick up a conviction that we know very little about on a sentence that the defendant was originally given probation for 60 months and then later revoked for two years.

*Id.* at 9 (emphasis added). The district court continued the matter.

At a sentencing hearing held on March 3, 2004, the court, after recognizing that a sentence at the bottom of the guideline range was "appropriate," applied the sixteen-level enhancement, with apparent reluctance:

> *I think it's too much, but that's what we're faced with under the guidelines.*
>
> It's just always amazed me that we're going to house and clothe and feed people for the period of time that we're going to, and then we're going to get them out of the country. Seems like there ought to be a better way.

Rec. vol. IV, at 5 (emphasis added).

The district court sentenced Mr. Hernandez-Noriega to 92 months' imprisonment.

B. Standard of Review

Because Mr. Hernandez-Noriega did not raise a *Booker* claim before the district court, we review for plain error. *United States v. Gonzalez-Huerta*, 403 F.3d 727, 732 (10th Cir. 2005) (en banc). To establish plain error, he must demonstrate there is (1) error, (2) that is plain and (3) the error affects his substantial rights. *United States v. Dazey*, 403 F.3d 1147, 1174 (10th Cir. 2005); *Gonzalez-Huerta*, 403 F.3d at 732. If these three prongs are met, we may exercise our discretion to correct the error if (4) it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Dazey*, 403 F.3d. at 1174.

The government concedes, and we agree, that the first three prongs are met. We therefore turn to the fourth prong of plain error review. *Id.*

C. Fourth prong analysis

The standard for fourth-prong error is "formidable." *United States v. Trujillo-Terrazas*, 405 F.3d 814, 820 (10th Cir. 2005). We may only exercise our discretion when an error is "particularly egregious," constitutes "a miscarriage of justice," and when "core notions of justice are offended." *Gonzalez-Huerta*, 403 F.3d at 738. We have identified several non-exclusive factors that may demonstrate that the fourth prong has been established:

> [1] a sentence increased substantially based on a *Booker* error, [2] a showing that the district court would likely impose a significantly lighter sentence on remand, [3] a substantial lack of evidence to support the sentence the Guidelines required the district court to impose, and/or [4] a showing that objective consideration of the 18 U.S.C. § 3553(a) factors warrants a departure from the sentence suggested by the Guidelines.

*United States v. Thomas*, 410 F.3d 1235, 1249 (10th Cir. 2005); *Trujillo-Terrazas*, 405 F.3d at 820-21 (concluding that the defendant satisfied the fourth prong in a case of non-constitutional *Booker* error); *United States v. Williams*, 403 F.3d 1188, 1200 (10th Cir. 2005) (same). Mr. Hernandez-Noriega bears the burden of demonstrating that the error satisfies this demanding standard. *Gonzalez-Huerta*, 403 F.3d at 736.

1. Substantially increased sentence

Here, the non-constitutional *Booker* error unquestionably resulted in Mr. Hernandez-Noriega receiving a substantially-increased sentence. This factor is

"ordinarily not present for consideration when a defendant raises a non-constitutional *Booker* error." *United States v. Thomas*, 410 F.3d 1235, 1249 n.6 (10th Cir. 2005). In this case, however, this factor is pertinent because we are able to compare the sentence Mr. Hernandez-Noriega received under the mandatory Guidelines, and the sentencing guideline range he would have been eligible for had the 1988 conviction not resulted in a mandatory sixteen-level increase in the offense level. Applying the pre-*Booker* Guidelines scheme, the district court sentenced him to ninety-two months' incarceration. Yet, without the mandatory imposition of the sixteen-level enhancement for the 1988 methamphetamine conviction, the sentencing range would have been much less: 15-21 months.

2. Showing of a significantly lower sentence on remand

Moreover, the district court expressed its dissatisfaction with the Guidelines' treatment of the 1988 methamphetamine conviction and with the Guideline range, and it sentenced Mr. Hernandez-Noriega at the very bottom of that range. *Cf. Trujillo-Terrazas*, 405 F.3d at 820-21 (noting sentencing judge's expressed dissatisfaction with the application of the Guidelines as a relevant factor in the plain error analysis); *cf. Thomas*, 410 F.3d at 1249 (refusing to apply to fourth prong because "Thomas's sentence was not increased substantially" and because the district court was "not convinced the judge would impose a lighter

sentence on remand"). At the first sentencing hearing, the district court observed that the mandatory sentence "just doesn't appeal to my sense of fairness" to "go[] back to 1988 to pick up a conviction that we know very little about on a sentence that the defendant was originally given probation for 60 months and then later revoked for two years." Second. Supp. Rec. vol. II, at 9. Thus, the record demonstrates that his sentence "'would likely change to a significant degree if [the case] were returned to the district court for discretionary resentencing.'" *See United States v. Lawrence*, 405 F.3d 888, 907 (10th Cir. 2005) (quoting *Gonzalez-Huerta*, 403 F.3d at 743-44 (Ebel, J., concurring)).

3. Substantial lack of evidence to support the sentence

Next, as previously discussed, the district court knew "very little about the" 1988 conviction for which Mr. Hernandez-Noriega initially received probation. The "aggravated felony" conviction that led to the sixteen-point increase in the offense level was fourteen years old. Little was known about that offense, but the fact that Mr. Hernandez-Noriega was initially given a sentence of probation suggests that the offense was relatively minor compared to the usual drug trafficking crimes addressed by these provisions of Guidelines.

4. Sentencing factors set forth in 18 U.S.C. § 3553(a)

Moreover, the sentencing factors set forth in 18 U.S.C. § 3553(a)—which have a "new vitality" after *Booker*, *see Trujillo-Terrazas* 405 F.3d at

819—indicate that a sentence below the Guideline range may be warranted. At the time of his arrest, Mr. Hernandez-Noriega had been gainfully employed at the same job for three years. The letters furnished to the court indicated Mr. Hernandez-Noriega's work ethic and generosity to others. Although the PSR assigned him a criminal history score of V, his most recent drug offense, possession of methamphetamine, was committed in 1991. The district court considered the age of some of Mr. Hernandez-Noriega's criminal history, and noted that this weighed in favor of a sentence at the low end of the Guideline range. *United States v. Taylor,* 413 F.3d 1146, 1156 (10th Cir. 2005) (noting that § 3553 "allow[s] a court to consider the personal mitigating characteristics of the defendant"); Rec. Supp. vol. II, at 5-6. Thus, under the facts of this particular case, Mr. Hernandez-Noriega has satisfied the fourth prong of the plain error inquiry.

## III. CONCLUSION

For the foregoing reasons, we VACATE Mr. Hernandez's sentence and remand for resentencing.

Entered for the Court,

Robert H. Henry
Circuit Judge